J-A16027-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| SAMUAL STEFFIE JR. | |
| Appellant | No. 1936 MDA 2019 |

Appeal from the Judgment of Sentence entered July 22, 2019
In the Court of Common Pleas of Schuylkill County
Criminal Division at No: CP-54-CR-0002094-2018

BEFORE:  PANELLA, P.J., STABILE, J., and MUSMANNO, J.

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 09, 2020**

Appellant, Samual Steffie Jr., appeals from the judgment of sentence the Court of Common Pleas of Schuylkill entered July 22, 2019.  On appeal, Appellant raises a weight of the evidence claim.  For the reasons explained below, we affirm the judgment of sentence.

The factual and procedural background of the instant appeal is uncontested.  The trial court summarized it as follows:

> On June 10, 2019, [Appellant] was found guilty after a jury trial of aggravated assault[,] and simple assault[,] as a result of an incident that occurred on September 19, 2018[,] where [Appellant] did attempt by physical menace, to put Officer Klink of the Minersville Police Department in fear of unlawful serious bodily injury.  On July 22, 2019, [Appellant] was sentenced on the aggravated assault charge to 21 months to 4 years in a State Correctional Institution.  The simple assault charge merged with the aggravated assault charge.  On August 19, 2019, [Appellant] filed a notice of appeal with regard to the sentence imposed on July 22, 2019.  On August 21, 2019, [the trial court] entered an

[o]rder upon [Appellant] to set forth a concise statement of matters complained of on appeal . . . with that statement being filed on August 29, 2019.

Trial Court Opinion, 10/09/19, at 1.

On appeal, Appellant challenges the weight of the evidence supporting his conviction.[1] The Commonwealth argues that Appellant waived his challenge to the weight of the evidence. We agree.

Pennsylvania Rule of Criminal Procedure 607 requires that a "claim that the verdict is against the weight of the evidence shall be raised with the trial judge in a motion for a new trial: (1) orally, on the record, at any time before sentencing; (2) by written motion at any time before sentencing; or (3) in a post-sentence motion." Pa.R.Crim.P. 607. This claim must be presented to the trial court while it exercises jurisdiction over a matter since "appellate review of a weight claim is a review of the exercise of discretion, not of the underlying question of whether the verdict is against the weight of the evidence." *Commonwealth v. Widmer*, 744 A.2d 745, 753 (Pa. 2000). Instantly, Appellant failed to raise the weight of the evidence claim orally or in writing prior to or after sentencing. In fact, Appellant raised the claim for the first time in his Rule 1925(b) statement, which is insufficient to preserve

_____

[1] In his Rule 1925 statement, Appellant raised two claims: weight of the evidence and best evidence. On appeal, Appellant, abandoned the best evidence claim, raising only a weight of the evidence claim.

it for appellate review.  ***See Commonwealth v. Sherwood***, 982 A.2d 483

(Pa. 2009).  In ***Sherwood***, the Supreme Court noted:

> Regarding [a]ppellant's weight of the evidence claim[,] we note that [a]ppellant did not make a motion raising a weight of the evidence claim before the trial court as the Pennsylvania Rules of Criminal Procedure require.  ***See*** Pa.R.Crim.P. 607(A).  The fact that [a]ppellant included an issue challenging the verdict on weight of the evidence grounds in his 1925(b) statement and the trial court addressed [a]ppellant's weight claim in its Pa.R.A.P 1925(a) opinion did not preserve his weight of the evidence claim for appellate review in the absence of an earlier motion.

***Id.*** at 494 (footnote omitted).

Because Appellant's weight of the evidence claim fails to comport with

the above rules, we conclude it is waived.[2]  Accordingly, we affirm the

judgment of sentence.

Judgment of sentence affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 09/09/2020

---

[2] Additionally, we note Appellant failed to comply, *inter alia*, with Pa.R.A.P. 2117(c) and 2119(e), both requiring Appellant to state the place of raising or preserving the weight of the evidence issue.